# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3404

_____

| | | |
|---|---|---|
| Claude Bennett, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Dr Pepper/Seven Up, Inc., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  April 19, 2002

Filed:  July 2, 2002

_____

Before BOWMAN, LAY, and RILEY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Claude Bennett appeals from the order of the District Court[1] denying his motion, filed under Federal Rule of Civil Procedure Rule 60(b), for relief from the summary judgment entered by the court in favor of Dr Pepper/Seven Up, Inc. (DPSU), on Bennett's claims of racial discrimination in employment.  We affirm.

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Bennett, acting pro se, filed his employment discrimination complaint in April 2000. After discovery had closed, DPSU filed a motion for summary judgment on June 1, 2001, the last date for filing dispositive motions according to the District Court's Case Management Order. Under local rule, Bennett's response was to be filed on or before June 26, 2001. On June 21, 2001, counsel for DPSU sent Bennett a letter asking if he would agree to a continuance of the trial date, then set for August 13, 2001. On July 1, Bennett telephoned opposing counsel and left a message that he would be meeting with his attorney on some matters within the week and would have some response to the request regarding the continuance after that. On July 5, Bennett telephoned DPSU's counsel again, leaving word that he had consulted his attorney and would not agree to a continuance. DPSU filed a motion for continuance that same day, noting that its motion for summary judgment had been filed on June 20 and that Bennett had not responded.

On July 9, 2001, Bennett met with his present attorney, who told Bennett he should have responded to the motion for summary judgment. Not until July 16 did Bennett call the chambers of the judge to ask for an extension of time to file a response; neither he nor the attorney filed a written motion requesting an extension. The District Court granted DPSU's summary judgment motion on July 17, 2001, and dismissed Bennett's case. Bennett formally retained counsel on August 3, 2001, who filed a motion on August 6 under Federal Rule of Civil Procedure 60(b) seeking relief from the judgment. The court denied the motion and Bennett appeals. We will reverse a district court's ruling on a Rule 60(b) motion only if there was a clear abuse of the court's broad discretion. Roark v. City of Hazen, Ark., 189 F.3d 758, 761 (8th Cir. 1999).

Bennett argues that relief from judgment is warranted here for "excusable neglect," noting his status as a pro se litigant and the District Court's failure to tell him the date on which his summary judgment response was due. See Fed. R. Civ. P. 60(b)(1). The District Court found that Bennett was represented by counsel through

the proceedings on his charges of discrimination before the Equal Employment Opportunity Commission, just after which his attorney died. Bennett then sought and received the advice of his former counsel's partner, for which he paid on an hourly basis. Acting pro se, Bennett filed his complaint, a motion to amend, and an amended complaint; actively participated in discovery and mediation; and played a role in pretrial scheduling activities. Further, Bennett admitted, he consulted several attorneys while DPSU's motion for summary judgment was pending before the District Court. Bennett gave no indication to the court that, as an educated individual, he could not read and understand the rules governing motions for summary judgment and educate himself as to his obligations once DPSU had filed such a motion. In short, the District Court determined that this was not the exceptional case requiring the extraordinary relief from judgment available under Rule 60(b)(1). See Schwieger v. Farm Bureau Ins. Co., 207 F.3d 480, 487 (8th Cir. 2000). As we explain below, this conclusion was not an abuse of the court's discretion.

We first reject Bennett's contention that the District Court was—or should have been—responsible for advising him, as a pro se litigant, of the date by which he was to respond to DPSU's motion for summary judgment. Our Circuit does not have a requirement that such affirmative notice be given. See Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001). And Bennett is not the sort of litigant for whom we might be inclined to create such a rule. He is educated and reasonably articulate and had demonstrated to the District Court his ability as a pro se litigant. He was not incarcerated or otherwise unable to avail himself of the information he needed. And although he did not have formally-retained counsel when DPSU filed its summary judgment motion, he had sought and received the advice of counsel and was not prevented by indigence from hiring an attorney.

Bennett's "pro se status did not entitle him to disregard the Federal Rules of Civil Procedure," even without affirmative notice of the application of the rules to his

case. <u>Carman v. Treat</u>, 7 F.3d 1379, 1381 (8th Cir. 1993). The local rule requiring a response to a summary judgment motion within twenty days was clear. <u>See</u> <u>Ceridian Corp. v. SCSC Corp.</u>, 212 F.3d 398, 404 (8th Cir. 2000) (noting that where the language of a rule is unambiguous, a party's failure to follow it will not constitute excusable neglect under Rule 60(b)). Bennett had followed the rules as a pro se litigant up until the time DPSU's motion was filed and will not now be heard to argue that he should be excused from adherence to these rules because he chose to proceed pro se.

Bennett also argues that he is entitled to relief from the decision granting summary judgment because he "established 'reason' under Rule 60(b)(6)." Br. for Appellant at 1; <u>see</u> Fed. R. Civ. P. 60(b)(6) ("[T]he court may relieve a party . . . from a final judgment . . . for . . . (6) any other reason justifying relief from the operation of the judgment."). According to Bennett, his failure to file a response resulted in a judgment rendered on an incomplete record, that is, a judgment that was not on the merits. This, he contends, is a "reason" under Rule 60(b)(6) for relief from the judgment, and the District Court abused its discretion by refusing to grant it. We disagree.

The obligation to point out genuine issues of material fact that would preclude judgment as a matter of law for DPSU lay with Bennett, not with DPSU. <u>See</u> Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). "Like any other civil litigant, [Bennett] was required to respond to [DPSU's] motion[] with specific factual support for his claims to avoid summary judgment." <u>Beck</u>, 253 F.3d at 333. The court was not bound, by rule or otherwise, to search the record for genuine issues of fact, when Bennett failed to bring such issues to the attention of the court in a timely-filed response to the motion for

summary judgment. See Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996) (recognizing that the district court has no"affirmative obligation to plumb the record in order to find a genuine issue of material fact").

In addition, we note that the court's order granting summary judgment to DPSU was not made to punish or to sanction Bennett for his failure to file a response to the motion. It was not a default judgment. It is clear from the court's thorough opinion that it reached its summary judgment decision on the merits of Bennett's claims as set forth in his complaint. Cf. Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."). In these circumstances, we cannot say the District Court abused its discretion in concluding that Bennett has not demonstrated grounds for relief under Rule 60(b)(6).

In sum, the District Court's decision to deny Bennett post-judgment relief was not "based on an erroneous view of the law or a clearly erroneous assessment of the evidence." Richards v. Aramark Servs., Inc., 108 F.3d 925, 927 (8th Cir. 1997). Consequently, we hold that the District Court did not abuse its discretion in denying Bennett's motion for relief under Rule 60(b). The District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.