# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3700

_____

St. Paul Reinsurance Company, Ltd.,   *
                                      *

            Appellee,           *

                                   *  Appeal from the United States

      v.                         *  District Court for the

                                   *  Eastern District of Missouri.

Nikola Hristov, doing business as    *

Nick's Bar & Grill,               *        [UNPUBLISHED]

                                   *

          Appellant.         *

_____

Submitted:  December 7, 2005
Filed:  December 12, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

St. Paul Reinsurance Company (St. Paul) filed a declaratory judgment action against Nikola Hristov, doing business as Nick's Bar and Grill, seeking a declaration that it did not owe him any coverage on his insurance policy, and requesting reimbursement for attorney fees incurred in this action and payments made under the policy. Mr. Hristov counterclaimed for breach of insurance policy and vexatious refusal to pay his insurance claim. The district court[1] granted summary judgment to

_____

[1]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent

St. Paul on its claims and on the counterclaims. For the following reasons, we reject Mr. Hristov's arguments on appeal.

Contrary to Mr. Hristov's belief, his former pro se status did not require the district court to allow withdrawal of his deemed admissions. Cf. Bennett v. Dr Pepper/Seven Up, Inc., 295 F.3d 805, 807-08 (8th Cir. 2002) (affirming district court's denial of relief from judgment under Fed. R. Civ. P. 60(b), when moving party offered only his pro se status as ground for his failure to respond to summary judgment motion); Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993) (pro se status does not entitle party to disregard Federal Rules of Civil Procedure). Nor did the court abuse its discretion in awarding to St. Paul attorney fees related to its motion to compel discovery, because St. Paul wrote to Mr. Hristov more than three weeks before it filed the motion and again requested discovery responses, Mr. Hristov offered no substantial justification for his failure to respond, and the award was not unjust. See Fed. R. Civ. P. 37(a)(4)(A); cf. Interactive Prods. Corp. v. a2z Mobile Office Solutions, Inc., 326 F.3d 687, 701 (6th Cir. 2003) (reviewing award of fees under Fed. R. Civ. P. 37(a)(4)(B) for abuse of discretion). Finally, while Mr. Hristov contends the district court should not have encouraged him to retain new counsel if it did not intend to allow adequate trial-preparation time, the court in fact extended the trial date, and an even longer extension would not have remedied the fatal effect of his deemed admissions.

Accordingly, we affirm.

_____

_____

of the parties pursuant to 28 U.S.C. § 636(c).