# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1975

_____

| | | |
|---|---|---|
| Merwin R. Carlson, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Roetzel & Andress, an Ohio legal | * | District Court for the |
| professional association; Richard A. | * | District of North Dakota. |
| Plewacki; Adrienne L. Stemen; GMR | * | |
| Transportation, Inc., a North Dakota | * | |
| corporation; and Dennis Gustafson, | * | |
| | * | |
| Defendants/Appellees. | * | |

_____

Submitted: November 14, 2008
Filed: December 4, 2008

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Merwin R. Carlson appeals the district court's[1] grant of summary judgment on his 42 U.S.C. § 1983 claim. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Ralph R. Erickson, United States District Court for the District of North Dakota.

Carlson provided trucking services to GMR Transportation, Inc., a North Dakota corporation. After an accident, he filed a claim with the Workforce Safety & Insurance Fund (WSI), North Dakota's workers' compensation agency. WSI granted the claim.

North Dakota law permits an employer to challenge an award of workers' compensation benefits. **N.D. Cent. Code § 65-01-16**. WSI so informed Carlson when awarding him benefits. After receiving notice of WSI's decision, GMR Transportation contacted the Roetzel & Andress law firm. Two of the firm's attorneys, Richard A. Plewacki and Adrienne L. Stemen, represented GMR in its request for reconsideration. Plewacki and Stemen submitted a lengthy legal analysis, affidavits, and other documents. *See* **N.D. Cent. Code § 65-01-03** ("The person who asserts that a person is an independent contractor under the 'common law' test, rather than an employee, has the burden of proving that fact."); **N.D. Admin. Code § 92-01-02-49** (listing the factors distinguishing employees from independent contractors). Neither Carlson nor his attorney received notice of the ex parte request or the supplementary documents.

Two months after GMR Transportation submitted its challenge, WSI issued a Notice of Decision reversing its previous order. WSI concluded that Carlson was an independent contractor, not an employee, and thus ineligible for WSI benefits. WSI ordered Carlson to repay the benefits. Carlson requested reconsideration; WSI again denied benefits. Carlson then sought a hearing before an Administrative Law Judge.

While the claim was pending before the ALJ, Carlson filed a federal lawsuit against GMR Transportation, Roetzel & Adams, Plewacki, Stemen, and GMR owner Dennis Gustafson ("the Defendants"). Carlson included a claim under 42 U.S.C. § 1983 for Defendants' ex parte opposition to his award. The district court granted summary judgment to the Defendants on all claims. The only issue on appeal is whether the Defendants are state actors under § 1983.

This court reviews de novo a grant of summary judgment. *Tjernagel v. Gates Corp.*, 533 F.3d 666, 671 (8th Cir. 2008). This court affirms if the record shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.*, *citing* **Fed. R. Civ. P. 56(c)**. This court views the facts most favorably to Carlson, the non-moving party, giving him the benefit of all reasonable inferences. *McNary v. Schreiber Foods, Inc.*, 535 F.3d 765, 768 (8th Cir. 2008).

Section 1983 creates a cause of action against a person acting "under color of any statute . . . of any State" who deprives another of a federally protected right. **42 U.S.C. § 1983**. "Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007), *quoting* **Am. Mfrs. Mut. Ins. Co. v. Sullivan**, 526 U.S. 40, 50 (1999). To be liable under § 1983, the claimed deprivation must result from "the exercise of a right or privilege having its source in state authority," and the party charged with the deprivation must be one "appropriately characterized as [a] state actor[]." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007), *cert. denied*, 128 S.Ct. 387 (2007), *quoting* **Lugar v. Edmondson Oil Co.**, 457 U.S. 922, 937 (1982).

Carlson's claim that the Defendants are state actors rests on an expansive reading of the *Lugar* case. There, the Supreme Court held that a creditor who secured prejudgment attachment of a debtor's property pursuant to state statute acted "under color of state law" for purposes of § 1983. *Id.* at 924-25, 942. The statute authorized a court clerk to issue a writ of attachment based solely on a creditor's ex parte petition. *Id.* at 924-25. No judge reviewed the petition before the clerk issued the writ. *Id.* The Court limited its holding, noting that "we do not hold today that a private party's mere invocation of state legal procedures constitutes joint participation or conspiracy

-3-

with state officials satisfying the § 1983 requirement of action under color of law." *Id.* at 939 n.21 (quotations and citations omitted). "The holding today, as the above analysis makes clear, is limited to the particular context of prejudgment attachment." *Id.*

The Defendants in this case are all private parties — none of whom sought prejudgment attachment of Carlson's property. When Carlson received WSI benefits, the award letter alerted him that his employer could challenge the decision. In *Lugar*, on receipt of the creditor's ex parte petition, the clerk issued a writ of attachment; the creditor controlled the attachment process. Here, critically, WSI controlled the reconsideration process, reversing its earlier order after an independent two-month review. Since the Defendants' "mere invocation of state legal procedures" is not state action, *Lugar* provides no support for Carlson's § 1983 claim. The same analysis applies to both GMR and its attorneys, who "stand on the same legal footing" as their clients. *See **Hoai v. Vo***, 935 F.2d 308, 313 n.5 (D.C. Cir. 1991).

Carlson also relies on the Supreme Court's decision in *Connecticut v. Doehr*, 501 U.S. 1 (1991). Like *Lugar*, *Doehr* concerned a state statute that authorized prejudgment attachment without prior notice or hearing. *Id.* at 4. The Court did not, however, consider whether the private party was a state actor. *Doehr* offers no guidance here.

The district court correctly applied this court's § 1983 case law when rejecting Carlson's claim. Finding private parties liable as state actors, this court has required joint action or conspiracy with state authorities. *See **Wickersham***, 481 F.3d at 595, 599 (holding that a private air show is a state actor when its president is the "final arbiter of what constituted unwanted protest" and directs whom police arrest); ***Dubose v. Kelly***, 187 F.3d 999, 1003 (8th Cir. 1999) (holding that a litigant who receives ex parte assurances of success from a judge is a state actor under § 1983). By contrast, while the Defendants here invoked state authority, they never exercised state power over Carlson or conspired with state officials. *See **Youngblood***, 266 F.3d at 855

-4-

(holding that a store is not a state actor when, pursuant to state statute, it detains a suspected shoplifter in a reasonable manner and for a reasonable period of time); *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997) (a private lawyer is not a state actor when "she did no more than provide information to a government agency").[2]

On the undisputed facts, none of the Defendants is, as a matter of law, a state actor under § 1983.[3]

The judgment of the district court is affirmed.

_____

_____

[2]Carlson emphasizes a district court decision applying *Lugar* to a workers' compensation scheme. *Baksalary v. Smith*, 579 F.Supp. 218 (E.D. Pa. 1984). This court agrees with the Fifth Circuit that *Lugar* does not support the *Baksalary* court's conclusion that private participants in a workers' compensation case are necessarily state actors under § 1983. *Barnes v. Lehman*, 861 F.2d 1383, 1386-87 (5th Cir. 1988).

[3]This court expresses no opinion whether any attorney's ex parte communications complied with the North Dakota Rules of Professional Conduct or North Dakota statutes or administrative regulations.