# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1911

_____

Levoria Jefferson; Rose Greer;    *
Antanette Jackson; Nancy Heard;    *
Ardelia Echols; Erica Davis,    *
   *    Appeal from the United States
       Appellees,    *    District Court for the Eastern
   *    District of Arkansas.
     v.    *
   *    [UNPUBLISHED]
Aldolphus Hicks,    *
   *
       Appellant.    *

_____

Submitted: January 11, 2010
Filed: February 3, 2010

_____

Before GRUENDER and SHEPHERD, Circuit Judges, and JARVEY,[1] District Judge.

_____

PER CURIAM.

     This is an appeal from an order granting Plaintiffs' motion for default judgment. We affirm.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

***Procedural background.***  Plaintiffs filed a sexual harassment cause of action on September 20, 2004 against the Helena/West Helena School District, the Superintendent of the School District, Members of the Board of Education of the School District (collectively, "the District Defendants"), and Defendant Aldolphus Hicks ("Hicks").  Hicks was served on September 25, 2004.  He had a pending bankruptcy petition.  According to Hicks, he was told by his bankruptcy attorney that he did not have to answer the Plaintiffs' lawsuit because the Plaintiffs would have to get the permission of the bankruptcy court to sue him.[2]  Hicks did not answer the complaint; the District Defendants answered on October 8, 2004.  Hicks attended a deposition for this case on June 29, 2005.  Hicks's bankruptcy case was dismissed in December of 2005, but he still did not answer the complaint.  The Plaintiffs settled with the District Defendants on August 26, 2008, and sought a default judgment against Hicks.  On September 11, 2008, the district court[3] granted the Plaintiffs' motion for default judgment.  On November 17, 2008, Plaintiffs filed a motion for hearing to determine the amount of the default judgment.  On November 20, 2008, Hicks filed an answer to Plaintiffs' complaint.

On January 29, 2009, the district court conducted a hearing on the plaintiffs' motion for default judgment.  At the hearing, Hicks made an oral motion to set aside the September 8, 2008 order.  The district court denied the motion, struck Hicks's answer and directed the Clerk to enter default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  The hearing on default judgment was continued to February 17, 2009, at which time the court found in favor of the Plaintiffs and directed the parties to submit briefs on the issue of damages.  Hicks submitted a brief, again

---

[2] Hicks's lawyer in this matter told the district court that it was the bankruptcy court itself that gave Hicks the erroneous advice.

[3] The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

asking the district court to set aside the default. The court refused to set aside the default, and a judgment in the amount of $240,000 was entered on March 25, 2009.

***Issues on appeal.*** Hicks argues that the district court should have set aside the default because Hicks's failure to answer was based on excusable neglect. Moreover, Hicks argues, the district court erred by not considering damages against him under the Arkansas Contribution Among Joint Tortfeasors Act.

***Standard of review.*** The district court denied Hicks's motion to set aside the default judgment on grounds of excusable neglect pursuant to Rule 60(b). Fed. R. Civ. Proc. 60(b). "The rule provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008) (internal quotation marks and citation omitted). "We will reverse a district court's ruling on a Rule 60(b) motion only if there was a clear abuse of the court's broad discretion." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 807 (8th Cir. 2002) (citation omitted).

***Excusable neglect.*** Under Rule 60(b)(1), a district court may grant relief from final judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Hicks argues that his failure to answer Plaintiffs' complaint was based on excusable neglect – advice of counsel.

"Excusable neglect 'is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 403 (8th Cir. 2000) (quoting Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 394 (1993)). Whether a party's neglect of a deadline is excusable "is an equitable decision turning on all relevant circumstances surrounding the party's omission." Id. (internal quotation marks and citations omitted). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that

excusable neglect ... is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. (internal quotation marks and citation omitted). The factors to be considered include "the danger of prejudice to the [Plaintiffs], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [Rule 60(b)] movant, and whether the movant acted in good faith." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998) (quoting Pioneer, 507 U.S. at 395). Whether the defaulted party appears to have any meritorious defenses is also a relevant factor. See Union Pacific R. Co. v. Progress Rail Services Corp., 256 F.3d 781, 783 (8th Cir. 2001).

Here, the length of the delay and reason for the delay weigh heavily against a finding of "excusable neglect". This court has stated that Pioneer "did not alter the traditional rule that mistakes of law do not constitute excusable neglect:

> Soon after Pioneer, it was established [in the Eleventh Circuit] that attorney error based on a misunderstanding of the law was an insufficient basis for excusing a failure to comply with a deadline. And, no circuit that has considered the issue after Pioneer has held that an attorney's failure to grasp the relevant procedural law is 'excusable neglect.'"

Ceridian, 212 F.3d at 404 (citations omitted). Any reliance by Hicks on his bankruptcy attorney's advice does not constitute excusable neglect.

Moreover, whether he received the erroneous advice from his bankruptcy attorney or the bankruptcy court, Hicks's bankruptcy case was dismissed by December 2005, and he still failed to file an answer for almost three more years. He was clearly aware of the pendency of this suit. Reliance on any protection from the bankruptcy court after his petition for relief was dismissed does not constitute excusable neglect. This determination is certainly within the discretion of the district court. Furthermore, nothing in the record indicates that filing an answer was outside

-4-

Hicks's ability. Indeed, he retained an attorney in 2005 to sue the Helena/West Helena School District for wrongful discharge, and contacted his current attorney in 2006 on another matter. The district court appropriately concluded that the defendant willfully failed to defend, whereupon entry of default judgment was appropriate. See Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) (default judgment for failure to defend appropriate when party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays') (citing United States v. Harre, 983 F.3d 128, 130 (8th Cir. 1993)).

While "[t]here is a judicial preference for adjudication on the merits," Johnson, 140 F.3d at 784 (internal quotation marks and citation omitted), Hicks's failure to file an answer for several years while aware of the action reveals his own decision not to defend the case on the merits, until threatened with default judgment. Hicks's participation in a deposition and his prompt response to the notice of default does not excuse his earlier inaction for years.

In light of the foregoing, even if Hicks had meritorious defenses, we would not disturb the district court's exercise of discretion in denying the motion to set aside the default. It was within the district court's discretion, moreover, to conclude that the defenses Hicks alleges are not meritorious – i.e., would not "permit a finding for the defaulting party". Johnson, 140 F.3d at 785 (internal quotations marks and citation omitted). The district court found Hicks's allegations of Plaintiffs' bias to be unpersuasive at the damages hearing and thus may have properly concluded the proffered evidence did not permit a finding for Hicks.

Hicks's argument that Plaintiffs failed to sue him in his individual capacity is similarly without merit. This was not articulated as a defense in Hicks's proposed answer or used to justify his failure to answer when addressing the district court. Furthermore, it is not a meritorious defense because a one-line amendment to the complaint would have easily cured any deficiency. Hicks acted at his peril by doing

nothing.  He should have known – as anyone would have – based on the conduct complained of in the complaint, that Plaintiffs intended to sue him in his individual capacity.

The district court did not clearly abuse its broad discretion in refusing to set aside the default judgment on the ground of excusable neglect.

***Joint Tortfeasor Liability.*** Hicks also argues that the settlement agreement between Plaintiffs and the District Defendants bars recovery from Hicks.  We have considered Hicks's arguments in this regard and find them to be without merit.  <u>See</u> <u>Aon Risk Services v. Mickles</u>, 242 S.W.3d 286, 292-93 (Ark. App. 2006).

Accordingly, we affirm.

_____