# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1930

———————

Lonnie D. Snelling,                              *
                                                 *
          Appellant,                             *
                                                 *   Appeal from the United States
     v.                                          *   District Court for the Eastern
                                                 *   District of Missouri.
J. D. Haynes, Indispensable party; Jack          *
Fishman, Attorney at Law; Matthew                *        [UNPUBLISHED]
Chase, Attorney at Law; Fishman                  *
Firm; Michael F. Stezler, Indispensable          *
party,                                           *
                                                 *
          Appellees.                             *

———————

Submitted: November 22, 2011
    Filed: November 28, 2011

———————

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

———————

PER CURIAM.

Lonnie Snelling appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action relating to a default judgment he obtained in state court. Upon careful de novo review, we conclude the district court committed no error in dismissing

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

Mr. Snelling's federal claims. See Detroit Gen. Ret. Sys. v. Medtronic, Inc., 621 F.3d 800, 804-05 (8th Cir. 2010) (Fed. R. Civ. P. 12(b)(6) dismissal reviewed de novo); see also Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005) (court may affirm on any basis supported by record). More specifically, we conclude that Mr. Snelling did not adequately allege facts stating a conspiracy claim under section 1983, see Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010) (conspiracy claim under § 1983 alleging violation of constitutional rights requires allegations of specific facts tending to show meeting of minds among alleged conspirators); that Judge Michael Stelzer was entitled to judicial immunity, see Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judge is immune from suit unless actions were non-judicial or taken in complete absence of all jurisdiction); that the other defendants were not state actors, see Carlson v. Roetzel & Andress, 552 F.3d 648, 651-52 (8th Cir. 2008) (mere invocation of state legal proceedings is not state action); DuBose v. Kelly, 187 F.3d 999, 1003 (8th Cir. 1999) (conduct of counsel generally does not constitute action under color of law); and that Mr. Snelling could not pursue a claim for a purported violation of 28 U.S.C. § 1654 (providing that in all courts of United States, parties may plead and conduct their own cases personally or by counsel).

As to the remaining issues raised by Mr. Snelling on appeal, we conclude that reversal is not warranted based on the district court's decisions to decline to exercise supplemental jurisdiction over the pendent state-law claims, see Gibson v. Weber, 431 F.3d 339, 342 (8th Cir. 2005) (Congress has unambiguously granted district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state-law claims when all federal claims have been dismissed); to deny Mr. Snelling leave to amend his complaint, see In re Medtronic, Inc., 623 F.3d 1200, 1208 (8th Cir. 2010) (denial of leave to amend is reviewed for abuse of discretion, while legal conclusions underlying determination of futility are reviewed de novo); to deny his post-judgment motion, see United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (denial of Fed. R. Civ. P. 59(e) motion is reviewed for abuse of discretion); Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 807 (8th Cir. 2002) (denial of

Fed. R. Civ. P. 60(b) motion is reviewed for abuse of discretion); or to deny his motions for sanctions, see Exec. Air Taxi Corp. v. City of Bismarck, 518 F.3d 562, 570-71 (8th Cir. 2008) (denial of Fed. R. Civ. P. 11 motion for sanctions reviewed for abuse of discretion).

Accordingly, we affirm the judgment of the district court. In addition, we deny as moot Mr. Snelling's motion to strike, and Mr. J.D. Haynes's motion requesting that he be dismissed as a party on appeal.

_____